|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA | |
| 9 | | |
| 10 | BRENDA L. ROHR, now know as BRENDA L. GILLETTE, | |
| 11 | | CASE NO. 12cv5488JRC |
| 12 | Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| 13 | v. | |
| 14 | MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| 15 | | |
| 16 | Defendant. | |

This Court has jurisdiction to decide this Motion pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6).

This matter is before the Court on defendant's Motion to Dismiss for lack of subject matter jurisdiction (*see* ECF No. 10; *see also* Declaration of Robert Weigel, ECF

No. 11). Plaintiff has filed a Response (*see* ECF No. 12; *see also* Affidavit of Jeanette Laffoon, ECF No. 13).

Because plaintiff failed to exhaust her administrative remedies, this Court does not have jurisdiction pursuant to statute to hear this matter. The Court also does not have statutory jurisdiction to review the ALJ's application of *res judicata* to plaintiff's third application for social security disability benefits. In addition, plaintiff has not raised a colorable constitutional claim to overcome this Court's lack of statutory jurisdiction to hear this matter.

A claimant may not correct a failure to exhaust administrative remedies by filing the same claim again and again. Therefore, defendant's Motion to Dismiss is granted.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff filed an application for disability benefits pursuant to Title II of the Social Security Act in June, 2004, which was denied initially (*see* ECF No. 11, pp. 2-3). There is no evidence to suggest that plaintiff appealed the initial denial of this claim (*see id.; see also* ECF No. 13, p. 2).

Plaintiff filed another application for disability benefits in November, 2006, which was denied in January, 2007 (*see* ECF No. 11, p. 3, 20, 21-23). There is no evidence to suggest that plaintiff appealed the initial denial of this claim (*see* ECF No. 11, p. 3; *see also* ECF No. 13, p. 2).

Plaintiff filed a third application for disability benefits on March 14, 2009, alleging the same onset date of disability as in the previous application (*id.*). This third application was denied initially on April 13, 2009 and following reconsideration on

September 1, 2009 (*see id.*, pp. 3, 6-11, 19). Plaintiff filed a request for a hearing; however, an Administrative Law Judge ("the ALJ") dismissed her request based on a finding that plaintiff's insured status for disability benefits expired prior to the previous determination on plaintiff's second application, and based on her conclusion that plaintiff's rights regarding her third application for disability benefits were "on the same facts and on the same issues" as those regarding her second application for disability benefits (*see* ECF No. 11, p. 31). Therefore, plaintiff did not receive a hearing (*see id.*).

On April 16, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's decision (*see* ECF No. 11, p. 24-25). In June, 2012, plaintiff filed a complaint in this Court (*see* ECF Nos. 1, 3). On August 13, 2012, defendant filed a motion to dismiss this matter on the basis of lack of subject matter jurisdiction (*see* ECF No. 10; *see also* ECF No. 11). Plaintiff filed her response on August 22, 2012 (*see* ECF Nos. 12, 13).

STANDARD OF REVIEW

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). When presented with a motion to dismiss for lack of subject matter jurisdiction, a plaintiff has the burden to demonstrate that this Court has jurisdiction. *Kokkonen, supra*, 511 U.S. at 377 (citation omitted); *see also* Fed. R. Civ. P. 12(b)(1).

Here, where defendant has challenged the Court's subject matter jurisdiction, defendant can "rely on affidavits or any other evidence properly before the Court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (citations omitted). Given that

circumstance, plaintiff may "present affidavits or any other evidence necessary to satisfy [the] burden of establishing that the Court, in fact, possesses subject matter jurisdiction." *Id.* As stated by the Ninth Circuit, the Court "obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes." *Id.* (*citing Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). When presented with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for a lack of subject matter jurisdiction, the Court favorably views "the facts alleged to support jurisdiction." *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000) (*citing Boettcher v. Sec. Health & Human Servs.*, 759 F.2d 719, 720 (9th Cir. 1985)); *cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555(2007) (to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true" (citations omitted)).

This Court has statutory jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Pursuant to the relevant federal regulations, a claimant obtains a judicially reviewable final decision only after completing all of the required steps, including asking for reconsideration of an initial determination, requesting a hearing and requesting review by the Appeals Council. *See* 20 C.F.R. §§ 404.907, 404.929, 404.967. A claimant seeking judicial review also must then either receive a decision by the Appeals Council or notice from the Appeals Council that it has denied the claimant's request for review. 20 C.F.R. §§ 404.981, 122.210(a).

DISCUSSION

The Court first notes that in making her argument that plaintiff has not exhausted her administrative remedies, plaintiff fails to address the declaration made under penalty of perjury by Mr. Robert Weigel that the first two times that plaintiff filed an application for a period of disability, she did not appeal the initial denial of her applications (*see* ECF No. 11, pp. 2-3; *see also* ECF No. 12, pp. 1-2). Specifically, plaintiff does not contest the facts in the declaration that plaintiff twice failed to appeal the denial of her claim, in June, 2004 and January, 2007. It appears that plaintiff's second application was denied almost two years after expiration of plaintiff's insured status. Additionally, the Court notes that plaintiff does not allege that defendant failed to provide her with notice of the denial at the initial level of her first two applications.

This failure by plaintiff is important, because if plaintiff had appealed the initial denial of her claim, pursuant to the Social Security regulations, her claim would have been reconsidered. If her claim had been denied following reconsideration, plaintiff would have been provided the opportunity to request a hearing. As plaintiff failed to appeal the initial denial of her claim (for the first two of her applications), she failed to exhaust her administrative remedies. Therefore, the reason that plaintiff was not afforded a hearing, ultimately, was because she twice failed to request one. It is clear that the failure of the Administration to provide plaintiff with a hearing on her first two applications when she failed to request one, was proper.

Plaintiff admits that she did not have any hearing on any of her applications for disability benefits, and the Court already has noted its statutory jurisdiction only to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Therefore, this Court does not have statutory jurisdiction over this matter. *See id.*

However, a discretionary decision by the Commissioner that is not a final decision made after a hearing may be subject to an exception where the Commissioner's decision "is challenged on constitutional grounds." *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997) (*citing Califano v. Sanders*, 430 U.S. 99, 109 (1977)); 42 U.S.C. § 405(g). The Ninth Circuit has "held that 'the *Sanders* exception applies to any colorable constitutional claim of Due Process violation that implicates a Due Process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination.'" *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (*quoting Evans, supra*, 110 F.3d at 1483); *see also Sanders, supra*, 430 U.S. at 107-09. According to the Ninth Circuit, a "challenge that is not 'wholly insubstantial, immaterial, or frivolous' raises a colorable constitutional claim." *Udd, supra*, 245 F.3d at 1099 (*quoting Boettcher v. Sec. of Health & Human Serv.*, 59 F.2d 719, 722 (9th Cir. 1985)).

As stated by the Supreme Court, "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Sanders, supra*, 430 U.S. at 109. The Court noted the "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed." *Id.* (citations omitted).

Because an individual's interest in social security benefits is a property interest created by statute and protected by the Fifth Amendment, if plaintiff here has raised properly a Due Process claim with respect to the denial of such benefits, this Court has jurisdiction over this matter, despite the lack of jurisdiction pursuant to statute. *See Sanders, supra*, 430 U.S. at 109; *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Udd, supra*, 245 F.3d at 1099; *see also Evans, supra*, 110 F.3d at 1483.

Here, plaintiff alleges that defendant violated plaintiff's constitutional right to Due Process by denying her a hearing (*see* Response, ECF No. 12, pp. 2-3). Plaintiff contends that it is unfair and not representative of the non-adversarial nature of administrative hearings in Social Security matters (*id.* at p. 2). According to plaintiff, the Administration must provide plaintiff with a hearing and a review of the records in her file (*id.* at p. 3).

However, as discussed, according to the Ninth Circuit, "'the *Sanders* exception applies to any colorable constitutional claim of Due Process violation that implicates a Due Process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination.'" *See Udd*, *supra*, 245 F.3d at 1099 (*quoting Evans, supra*, 110 F.3d at 1483); *see also Sanders, supra*, 430 U.S. at 107-09. Here, as noted already, plaintiff has not alleged that defendant did not provide notice of the denial of her claim in her first two applications and plaintiff did not contest the facts presented in defendant's supporting declaration that plaintiff failed to appeal the denial of her claim twice, in June, 2004 and January, 2007. Therefore with respect to plaintiff's claim for a period of disability and disability benefits, as presented in her first two

applications, plaintiff was provided with notice and an opportunity to be heard. She simply failed to take advantage of these opportunities.

Plaintiff fails to explain adequately how it was a Due Process violation to deny her a hearing on her third application. Due Process requires the opportunity to be heard, it does not require that a claimant be heard after declining two opportunities to pursue her claim to the point at which she could have been heard.

The ALJ dismissed plaintiff's request for a hearing on her third application based on a finding that plaintiff's insured status for disability benefits had expired prior to the previous determination on plaintiff's second application, and based on the ALJ's conclusion that plaintiff's rights regarding her application for disability benefits were "on the same facts and on the same issues" as those regarding her second application for disability benefits (*see* ECF No. 11, p. 31). As a result, the ALJ applied the doctrine of *res judicata* when making the determination to deny plaintiff a hearing on her third application (*see id.*).

First, the Court notes that the ALJ's decision to apply *res judicata* was not a decision made after a hearing; therefore, this Court is without statutory jurisdiction to review the application of *res judicata* to plaintiff's claim. *See* 42 U.S.C. § 405(g). As stated by the Ninth Circuit, district courts "have no jurisdiction to review a refusal to re-open a claim for disability benefits or a determination that such a claim is *res judicata*." *See Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985) (*citing Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir. 1982)); *see also Gibb v. Comm'r Soc. Sec.*, 420 Fed. Appx. 767, 768, 2011 U.S. App. LEXIS 4943 at **2 (9th Cir. 2011) (per curiam)

(unpublished opinion) (*citing Krumpelman*, *supra*, 767 F.2d at 588).Therefore, in the context presented here, plaintiff has the burden to demonstrate that this Court has subject matter jurisdiction by demonstrating that the application of *res judicata* violated Due Process. *See Kokkonen, supra*, 511 U.S. at 377 (citation omitted); *see also* Fed. R. Civ. P. 12(b)(1). Plaintiff has failed to carry this burden.

The Court notes that plaintiff contends that the Court should not allow the findings based on *res judicata* to stand because *res judicata* should not be applied when a claimant is not represented by an attorney. Although plaintiff notes that "there is no evidence that she was represented," plaintiff does not present any evidence that she was not represented by council and has not alleged that she was *pro se* (*see* Response ECF No. 12, p. 4). It is plaintiff's burden to demonstrate that this Court has subject matter jurisdiction. *Kokkonen, supra*, 511 U.S. at 377 (citation omitted); *see also* Fed. R. Civ. P. 12(b)(1).

Plaintiff also contends that allowing the application of *res judicata* on her third application would be manifest injustice because plaintiff has not been afforded a hearing (*see* Response, ECF No. 12, p. 4). Again, plaintiff completely fails to explain how it is unjust to deny plaintiff a hearing on her third application, when she failed to appeal the denial of her two prior applications.

Defendant argues that the application of *res judicata* was proper and notes that plaintiff's last date insured was March 31, 2005 and that she was required to prove that she was disabled on or before this date. It is notable that plaintiff does not argue that her third application for disability benefits, filed in March, 2009, was in any way not about her "rights on the same facts and on the same issue or issues" as were presented in her

second application for disability benefits. Plaintiff concedes that she "filed her 'new' claim on March 14, 2009 alleging the same onset date" as her second (November, 2006) application (*see* Response, ECF No. 12, p. 5). Again, both of these applications were filed after her date last insured.

      Plaintiff has not demonstrated any fault in the important finding by the ALJ that plaintiff's third application involved plaintiff's "rights on the same facts and on the same issue or issues" that were presented in her second application (*see* ECF No. 11, pp. 30-31). Plaintiff did not receive a hearing on her second application, which involved the same facts and issues as the third application, due to her own failure to appeal the initial denial of this claim. Thus, regarding the application of *res judicata* to this matter, plaintiff has demonstrated no unfairness. She was afforded appropriate notice and opportunity to be heard and has demonstrated no Due Process violation.

      Plaintiff's remaining arguments are not constitutional arguments, but rely on this Court having statutory jurisdiction, which this Court already has determined that it lacks. For example, although plaintiff questions whether or not defendant acted properly by failing to provide plaintiff with a complete version of her administrative record, the ability of plaintiff to present this claim to this Court for judicial review depends on statutory jurisdiction (*see* Response, ECF No. 12, p. 3 (*citing* 42 U.S.C. § 405(g))). Plaintiff has not alleged that defendant's failure to supply plaintiff with her administrative record in this particular instance is a violation of plaintiff's Due Process rights other than the argument discussed already by this Court regarding the denial of a hearing. Likewise, plaintiff's claim that defendant failed to abide by the Administration's own regulations

when applying *res judicata* to her third application is based on statute and federal regulation as opposed to constitutional Due Process grounds (*see* Response, ECF No. 12, pp. 4-5).

Similarly, although plaintiff argues that the prior 2007 denial of her claim following her second application can be reopened for good cause, there is no allegation that the failure to do so violated Due Process. According to the Supreme Court, "an interpretation that would allow a claimant judicial review simply by filing - and being denied - a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g) [of the Social Security Act], to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Sanders, supra*, 430 U.S. at 108 (*citing* 20 C.F.R. § 404.951 (1976)). Accordingly, it is the duty of the Court to respect the determination by Congress "to limit judicial review to the original decision denying benefits [a]s a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." *See id.* Based on a review of the relevant record, the Court concludes that this duty is applicable here.

## CONCLUSION

Plaintiff had notice of the initial denial of her second application for disability benefits, yet she failed to avail herself of the opportunity to appeal her claim for disability. Thus, she was denied a hearing on her third application, which involved the same disability claim as her second application, on the basis of *res judicata*. Plaintiff has not demonstrated that she was denied a meaningful opportunity to be heard on her claim for disability.

Case 3:12-cv-05488-JRC   Document 14   Filed 09/26/12   Page 12 of 12

Based on these reasons and the relevant record, the Court **ORDERS** that defendant's Motion to Dismiss is **GRANTED**.

**JUDGMENT** is for **DEFENDANT** and the case should be closed.

Dated this 26th day of September, 2012.

> J. Richard Creatura
> United States Magistrate Judge